UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WARREN PARKS,<br>Petitioner,<br><br>vs.<br><br>WARDEN, PUTNAMVILLE<br>CORRECTIONAL FACILITY,<br>Respondent. | Case No. 1:19-cv-803<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Putnamville Correctional Facility in Greencastle, Indiana,[1] has initiated this action by filing a motion for leave to proceed *in forma pauperis* in connection with a pro se petition for a writ of habeas corpus. (Doc. 1). Petitioner's *in forma pauperis* application is incomplete because petitioner has not submitted any financial information from his institution of incarceration to allow the Court to determine if he is without the funds to pay the $5.00 filing fee required for the commencement of federal habeas corpus actions.[2] However, the Court need not address the deficiency because it plainly appears from the face of the petition that it is subject to dismissal with prejudice for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* 28 U.S.C. foll. § 2254.

---

[1] The Indiana Department of Correction Offender Database indicates that petitioner is currently in custody as a result of his October 6, 2011 conviction and sentence for unlawful firearm possession by serious felon. Viewed at https://in.gov/apps/indcorrection/ofs/ofs. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] It is noted that although petitioner's *in forma pauperis* application is subject to consideration in this federal habeas proceeding, the petitioner is a "three-striker" within the meaning of 28 U.S.C. § 1915(g), who may not proceed *in forma pauperis* in any other civil action absent a showing that he is "under imminent danger of serious physical injury." *See, e.g., Warren Parks v. Prosecutor Holcomb, et al.*, No. 1:14-cv-318 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.) (Docs. 6, 8) (denying the petitioner's motion for leave to proceed *in forma pauperis* in connection with a complaint because of his "three-striker" status stemming from his numerous prior lawsuits that were dismissed as frivolous).

In the petition,[3] petitioner challenges the finding of the Butler County, Ohio Child Support Enforcement Agency regarding "non payment of child support." (*See* Doc. 1, Petition at PageID 5). According to petitioner, the determination violated his federal due process rights because he did not receive notification of the hearing and was therefore unable to present a defense at the hearing. (*Id.* at PageID 8).

This is not the first habeas corpus petition filed by petitioner challenging the Butler County Courts' decisions regarding child support. In *Parks v. Warden*, No. 1:16-cv-922 (S.D. Ohio Oct. 11, 2016) (Bertelsman, J.; Litkovitz, M.J.), petitioner similarly challenged the Ohio Supreme Court's ruling affirming petitioner's obligation to make child support payments. The Court summarized the facts underlying that petition as follows:

> In the petition, the petitioner challenges the Ohio Supreme Court's ruling in Case No. 2016-0959, which involved an appeal from an intermediate appellate court's decision affirming an order regarding petitioner's obligation to make child support payments. (*See* Doc. 1, Petition). Upon review of the Ohio Supreme Court's online docket records for Case No. 2016-0959, it appears that the Butler County Court of Common Pleas, Domestic Relations Division, issued an order denying as "untimely" the petitioner's motion filed in October 2015 requesting a judicial hearing after an administrative hearing officer issued a recommendation in May 2012 to uphold a finding that petitioner was in default of "child support arrears" owed to the Butler County Child Support Enforcement Agency. On May 31, 2016, the Ohio Court of Appeals, Twelfth Appellate District, affirmed the trial court's decision. Case No. 2016-0959 involved petitioner's appeal from that decision to the Ohio Supreme Court. On July 19, 2016, the Ohio Supreme Court dismissed the appeal for lack of prosecution because the petitioner had not filed a memorandum in support of jurisdiction by the due date. On September 14, 2016, the Ohio Supreme Court denied the petitioner's motion for reconsideration. Petitioner states in the instant petition that September 14, 2016 is the date of the judgment he is attacking. (*See* Doc. 1, Petition, at PAGEID#: 3).

*Id.*, Doc. 2 at PageID 11–12 (footnote omitted). Upon finding that petitioner was not in custody based on the challenged judgments and observing that federal courts generally lack jurisdiction

---

[3] Petitioner submitted his petition on a 28 U.S.C. § 2255 petition form. (*See* Doc. 1). However, because petitioner is not in federal custody or seeking to challenge any federal conviction or sentence, this is not the proper vehicle for challenging the Butler County, Ohio child support determinations.

over domestic relations matters, the Court concluded that it lacked jurisdiction over the petition.[4] *See id.*, Doc. 2, 4.

The instant petition should also be dismissed for lack of jurisdiction. As noted by the Court in the adjudication of petitioner's prior petition, this Court only has jurisdiction to consider habeas applications by persons "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3), with emphasis added by the Supreme Court) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or law or treaties of the United States."). In this case, petitioner is in custody based on his Indiana conviction and sentence, *see supra n.1*, not because of the Ohio court judgments regarding child support payments. *See Adams v. Unknown Pary*, No. 1:18-cv-595, 2018 WL 3031014, at *3 (W.D. Mich. June 19, 2018) ("The burden created by an order to pay child support does not rise to the level of custody."). In addition, the state court decisions challenged herein do not constitute rulings requiring petitioner's future custody in Ohio for non-payment of child support. Therefore, petitioner is unable to satisfy the "in custody" requirement for federal habeas jurisdiction to lie. *Cf. Lehman v. Lycoming Cnty. Children's Services Agency*, 458 U.S. 502, 510-11 (1982) (holding that the petitioner, who was "simply seek[ing] to relitigate through federal habeas . . . the interest in her own parental rights," was not "in custody" within the meaning of § 2254); *Collier v. Petro*, No. 1:05cv2908, 2007 WL 81849, at *4-5 (N.D. Ohio Jan. 8, 2007) (relying on *Lehman*, the district court held that the petitioner, who was challenging state-court rulings regarding visitation rights in a domestic

---

[4] Petitioner also filed a petition for a writ of habeas corpus in *Parks v. Indiana*, No. 1:07-cv-1618 (S.D. Ind. Dec. 17, 2007), challenging the judgment of an Indiana state court directing him to pay child support. Consistent with the recommendation in this case, the court determined that petitioner was not "in custody" under 28 U.S.C. § 2241 or 2254 and the action was dismissed for lack of jurisdiction.

relations case, failed to satisfy § 2254's "in custody" jurisdictional requirement because he had not "raised any issue involving his prior imprisonment and custody on [a] contempt finding" and had merely raised a "visitation rights issue").

In any event, courts that have considered the issue have consistently held out of "deference to state expertise in the field of domestic relations" that the extraordinary remedy of a writ of habeas corpus is not available, and indeed would be "inappropriate," in such cases. *See, e.g., Castorr v. Brundage*, 674 F.2d 531, 535-36 (6th Cir. 1982); *see also Lehman*, 458 U.S. at 515-16 (holding that "§ 2254 does not confer federal-court jurisdiction" in cases involving child-custody disputes); *Jacobson v. Summit Cnty. Children Services Bd.*, 202 F. App'x 88, 909 (6th Cir. 2006) (relying on *Lehman* in holding that the court lacked habeas jurisdiction to review the state court's judgment involuntarily terminating parental rights); *Collier, supra*, 2007 WL 81849, at *5 (holding that the petitioner was "forbidden from" seeking to "overturn the Ohio Supreme Court's decision in his state-court child visitation battle by way of a habeas Petition" because "district courts clearly lack jurisdiction over state court child custody decisions").

Indeed, it is well settled that federal courts generally lack jurisdiction over domestic relations matters, including child support, "even when those questions are presented in the guise of a federal question." *See Robinson v. Michigan*, No. 1:09cv564, 2009 WL 3011225, at *3 (W.D. Mich. Sept. 16, 2009) (and numerous cases cited therein); *see also Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) ("[u]nder the principles of comity and deference to state expertise in the field of domestic relations," and in accordance with the court's "consistent policy," the Sixth Circuit "decline[d] to exercise jurisdiction" over claims that constituted collateral attacks on state-court judgments pertaining to child custody); *Lee v. Johnson-Wharton*, No. 1:14cv868, 2014 WL 7015178, at *4 (S.D. Ohio Dec. 11, 2014) (Dlott, J.; Litkovitz, M.J.)

4

(relying on *Stephens* and *Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013), in holding that the district court lacked jurisdiction to consider claims couched in terms of a civil rights action, which essentially amounted to a collateral attack of a state-court judgment terminating the plaintiff's parental rights). The *Rooker-Feldman* doctrine, which generally prohibits federal district courts from entertaining appeals from cases already litigated in state court,[5] also is applicable to the extent that the petitioner is complaining about state court rulings issued against him before the instant action commenced and is inviting this Court to review and reject those determinations. *See Lee, supra*, 2014 WL 7015178, at *3 (holding that the district court also lacked jurisdiction under the *Rooker-Feldman* doctrine to reverse the state court's decision terminating the plaintiff's parental rights).

Accordingly, in sum, because it plainly appears that this Court lacks jurisdiction to consider the petitioner's habeas corpus petition, the petition should be dismissed with prejudice at the screening stage. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** with prejudice on the ground that this Court lacks jurisdiction to consider it.

2. A certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[5] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

5

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/23/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN PARKS,
Petitioner,

vs.

WARDEN, PUTNAMVILLE
CORRECTIONAL FACILITY,
Respondent.

Case No. 1:19-cv-803

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).